NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARNEZ LOUIS GONZALES, *Appellant.*

No. 1 CA-CR 18-0088
FILED 4-18-2019

Appeal from the Superior Court in Maricopa County
No.  CR 2015-153343-002
The Honorable John C. Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

Arnez Louis Gonzales, Phoenix
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

**C A M P B E L L**, Judge:

¶1     Arnez Gonzales timely appeals his convictions and sentences for one count of burglary in the first degree and two counts of armed robbery, all of which are class 2 dangerous felonies. After searching the record on appeal and finding no arguable question of law that was not frivolous, Gonzales' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this Court to search the record for reversible error. This Court granted counsel's motion to allow Gonzales to file a pro per supplemental brief. Gonzales filed two supplemental briefs but raised no discernible legal issues. After reviewing the entire record, we find no reversible error. We affirm Gonzales' convictions and sentences.

## BACKGROUND[1]

¶2     The victims were socializing in their apartment when Gonzales and an accomplice entered and threatened them at gunpoint. Gonzales and the accomplice stole three glass marijuana pipes, mason jars containing marijuana, a PlayStation, two cellphones, a set of keys, and a wallet belonging to one of the victims.

¶3     After trial, the jury convicted Gonzales of one count of burglary in the first degree and two counts of armed robbery. It also found aggravating circumstances for all three counts. The superior court sentenced Gonzales to a less than a maximum term of 12 years' imprisonment for each count. All sentences were consecutive, and the court awarded Gonzales 791 days presentence incarceration credit.

---

[1] We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Gonzales. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

## DISCUSSION

¶4 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Gonzales received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶5 The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Gonzales' presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Gonzales was given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for the offenses of which he was convicted.

¶6 Gonzales argues he is "the beneficiary of this constructive trust [a]ccount and the creditor" and that "[n]o Judicial Courts, nor Judges have existed in America since 1789." He also contends that "[t]he public is bankrupt" and argues "[i]f this [g]oes any further than this, [then] this Court has [c]ommitted [f]raud." He does not indicate how his arguments relate to his convictions or how they constitute a cognizable defense. We reject the arguments raised in Gonzales' supplemental briefs as they have no legal support.

## CONCLUSION

¶7 We affirm Gonzales' convictions and sentences. Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Gonzales of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Gonzales has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

